**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Kinzer,<br><br>                Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br><br>                Defendant. | No. CV-11-00328-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 33). The Court now rules on the motion.

**I.   Background**

On April 27, 2009, an Administrative Law Judge ("ALJ") denied Plaintiff's request for Social Security benefits. After exhausting her administrative appeals, Plaintiff filed this lawsuit in appeal of the ALJ's decision. The Court affirmed the ALJ's finding that Plaintiff was not disabled. Plaintiff appealed to the Ninth Circuit Court of Appeals ("Court of Appeals"), which reversed the Court's decision and remanded this case with instructions for the Court to remand to the Commissioner of Social Security (the "Commissioner") for further proceedings.

Plaintiff has now filed an application for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 33).

**II.   Legal Standard**

The Court of Appeals has succinctly stated the legal standard for an award of fees

under EAJA:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

**III.   Analysis**

The Government correctly points out that the standard of review applied to the Commissioner's decision to deny benefits is not the same as the distinct question of whether the Government's position in this case was substantially justified for EAJA purposes. (Doc. 37 at 2). A reviewing court "may set aside a denial of disability benefits only if it is not supported by substantial evidence or if it is based on legal error." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Thus, an ALJ's decision, if not legally erroneous, need be supported only by substantial evidence in the record. This contrasts with the EAJA standard for an award of attorneys' fees, under which the Government must show that its position was "substantially justified."

The Government argues that its position was substantially justified because although ultimately incorrect, it had a reasonable basis in the law. (Doc. 37 at 4-5). The ALJ discounted the opinions of Drs. Ross and Biscoe, Plaintiff's treating physicians, finding that their opinions were not supported by the other evidence in the record. The ALJ failed to specifically cite the objective record evidence supporting the discounting of these opinions, but on appeal, the Court found substantial record evidence supported the

ALJ's decision. The Court of Appeals concluded that the ALJ committed legal error by failing to specifically cite the record evidence justifying the discounting of these opinions. (Doc. 29-1 at 2-3).

Thus, although the Government contends that the ALJ's position was substantially justified, the Court of Appeals has determined that the ALJ's position was erroneous as a matter of law.[1] The fact that the ALJ's decision to discount the opinions of Drs. Ross and Biscoe is supported by substantial record evidence is irrelevant in light of the Court of Appeals' ruling, and therefore the Government's efforts to demonstrate the reasonableness of the ALJ's decision are to no avail. *See* (Doc. 37 at 5-10). Therefore, the Court must conclude that the Government's position was not substantially justified. The Court will award Plaintiff $19,800.57 in attorneys' fees.[2]

**III.  Conclusion**

For the foregoing reasons,

/
/
/
/
/
/
/
/
/

---

[1] The Court of Appeals held that the ALJ committed three errors, (Doc. 29-1 at 2-3), but this error is itself sufficient to render the Government's position not substantially justified.

[2] Plaintiff asserts in her reply that she is entitled to EAJA fees for "the pursuit of EAJA fees" and cites *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) for this proposition. Plaintiff does not provide a pincite to the particular pages in *Gisbrecht* that support her argument. This failure renders Plaintiff's argument inadequate and the Court will not award fees incurred in preparing the reply in support of Plaintiff's motion. It is Plaintiff's responsibility to provide adequate citations to legal authority. Nevertheless, the Court has reviewed *Gisbrecht* and cannot locate such a citation for counsel.

**IT IS ORDERED** granting Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 33).

**IT IS FURTHER ORDERED** awarding Plaintiff $19,800.57 in attorneys' fees. This award shall be payable directly to Plaintiff and is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

Dated this 6th day of April, 2015.

James A. Teilborg
Senior United States District Judge