WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Kinzer, | No. CV-11-00328-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J Astrue, | |
| Defendant. | |

Pending before the Court is Plaintiff Sheila Kinzer's ("Plaintiff")'s motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 42). The Court now rules on the motion.

**I.   Background**

On April 27, 2009, an Administrative Law Judge ("ALJ") denied Plaintiff's request for social security benefits. (Doc. 11-3 at 22). The Social Security Appeals Council denied review of the ALJ's decision on December 20, 2010. (Doc. 1 at 2). After Plaintiff filed an appeal for judicial review of the ALJ's decision, this Court affirmed the ALJ's decision. (Doc. 23). On June 11, 2012, Plaintiff filed an appeal in the United States Court of Appeals for the Ninth Circuit challenging this Court's affirmance of the ALJ's decision. (Doc. 25). On April 10, 2014, the Ninth Circuit reversed the ALJ's decision and remanded for supplemental proceedings. (Doc. 29-1). After additional proceedings, the ALJ determined that Plaintiff is disabled. (Doc. 42-1 at 5–11).

On August 4, 2014, Plaintiff moved for attorneys' fees and costs under the Equal

Access to Justice Act ("EAJA"). (Doc. 33). On April 7, 2015, the Court awarded Plaintiff attorneys' fees and costs in the amount of $19,800.57 pursuant to the EAJA. (Doc. 41). On March 7, 2016, Plaintiff filed the pending motion for attorneys' fees under § 406(b). (Doc. 42).

## II.     Analysis

Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. *Id.* The fee is payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To that end, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Therefore, the Court must ensure the fee is 1) reasonable, and 2) limited to 25 percent of past-due benefits. *Id.*

Moreover, the Court must be sure to "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations omitted). While reviewing this agreement, the Court must still test the resulting award for reasonableness. *Id.* at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151. When determining reasonableness, the Court should consider the following non-exhaustive factors: the character of the representation, the results achieved, performance, delay, whether the benefits were proportionate to the time spent on the case, and, as an aid if necessary, the lodestar calculation. *Id.*

1 Plaintiff and her counsel had a contingent-fee agreement in this case typical of fee agreements in disability benefit cases. Specifically, the contingent-fee agreement provides that attorneys' fees for Federal Court work "will be equal to the 25% of all past due benefits without regard to the maximum statutory allowance." (Doc. 42-1 at 2). Plaintiff was awarded $135,891.00 in past due benefits. (*Id.* at 6). Twenty-five percent of this award is $33,972.75. (*Id.*) Plaintiff's counsel requested the full twenty-five percent amount, (Doc. 42 at 10), which the Government does not oppose, (Doc. 43)

Given the factors outlined in *Crawford*, the Court finds the contingent-fee agreement in this case to be reasonable, and thus, will award Plaintiff's counsel attorneys' fees in the amount of $33,972.75 pursuant to § 406(b). *See* 586 F.3d at 1151. Because Plaintiff was also awarded EAJA fees, (Doc. 41), Plaintiff's counsel must refund the lesser of these two fee awards to Plaintiff, *see Gisbrecht*, 535 U.S. at 796.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 42) is **GRANTED** in the amount of $33,972.75.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 5th day of July, 2016.

James A. Teilborg
Senior United States District Judge